# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY D. LIDSTER,<br><br>　　　　　　　　Plaintiff,<br>vs.<br><br>MICHAEL J. ASTRUE,<br><br>　　　　　　　　Defendant. | Case No. 10cv2097 DMS (NLS)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT** |

Plaintiff Rodney D. Lidster filed a Complaint for Judicial Review and Remedy on Administrative Decision Under the Social Security Act. The parties filed cross-motions for summary judgment.[1] Plaintiff requests the Court to reverse the decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for disability insurance benefits or remand the case for a new hearing. For the reasons which follow, Plaintiff's motion for summary judgment is **DENIED** and the Commissioner's cross-motion is **GRANTED**.

Plaintiff was a mail carrier for the United States Postal Service for 21 years. In 2001 he sustained a right shoulder injury when he was reaching up to case a magazine for his route. He was diagnosed with right shoulder strain secondary to injury at work with labral tear.[2] In 2002 he underwent arthroscopic surgery, however pain in his right shoulder continued. After he returned to

---

[1] Plaintiff did not file an opposition to Defendant's motion, and neither party filed a reply brief.

[2] Labrum is a ligament in the shoulder joint.

- 1 -

work, the pain eventually became unbearable. His last day of work was in February 2007 and he officially retired from the Postal Service on April 30, 2007.

On July 25, 2007, at the age of 57, Plaintiff filed a claim for disability insurance benefits under Title II of the Social Security Act, which was denied. A hearing before an Administrative Law Judge ("ALJ") was held on August 19, 2009. Plaintiff, medical expert Michael Stuart Gurvy, and vocational expert John P. Kilcher testified. On November 25, 2009, The ALJ found Plaintiff not disabled and denied his application. The Appeals Council denied *de novo* review, and Plaintiff appealed to this Court pursuant to 42 U.S.C. Section 405(g).

In reaching her decision, the ALJ followed the five-step sequential evaluation process set forth in 20 C.F.R. Section 404.1520(4). First, she found Plaintiff had not engaged in substantial gainful activity since the alleged onset of his disability on March 3, 2007. (Administrative Record ("AR") at 14.) Second, she determined Plaintiff suffered from a severe impairment consisting of repetitive motion injury to his right shoulder. (*Id.*) Third, she concluded that none of Plaintiff's impairments or combination of impairments met or medically equaled one of the listed impairments in the regulations. (*Id.* at 15.)

Next, she concluded Plaintiff had a residual functional capacity ("RFC") "to perform medium work as defined in 20 C.F.R. § 404.1567(c) with the following additional limitations: only frequent handling, feeling, grasping, fingering and manipulating of the right and reaching at waist level on the right; no reaching above the shoulder level on the right; and no climbing ladders." (AR at 15.) The ALJ considered objective medical evidence as well as Plaintiff's symptoms statements of pain in the right shoulder radiating into his elbow and back. She found that Plaintiff's impairments could reasonably be expected to cause these symptoms, but rejected his statements concerning the intensity, persistence and limiting effects of the pain as not credible to the extent they were inconsistent with the RFC. (*Id.* at 15-16.)

Based on the RFC finding and Mr. Kilcher's vocational opinion, the ALJ found at step four that Plaintiff was able to perform his past work as a mail carrier because he could case mail, which requires overhead reaching, with his left hand rather than right. (*Id.* at 18-19 & 39-40.) This was

sufficient to find Plaintiff not disabled for purposes of social security disability benefits, and did not require the ALJ to proceed to the last and fifth step of the evaluation. *See* 20 C.F.R. § 404.1520(a)(v).

Plaintiff contends the ALJ erred in her RFC determination and conclusion that he was not disabled. He attacks these findings in three respects: (1) the conclusion that Plaintiff could perform his previous job as a mail carrier is in conflict with the Dictionary of Occupational Titles ("DOT") description of the job; (2) the ALJ erred by giving insufficient weight to the opinion of Arnold Markman, M.D., Plaintiff's treating physician, that Plaintiff was unlikely to be able to return to his job; and (3) to the extent they were inconsistent with the RFC, the ALJ rejected Plaintiff's statements about the debilitating effects of pain as not credible.

The Court "may reverse the ALJ's decision to deny benefits only if it is based upon legal error or is not supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1. (9th Cir. 2005). The denial of benefits must be affirmed if the decision is supported by substantial evidence and applies the correct legal standards. *Batson v. Comm'r of the Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence means "more than mere scintilla but less than a preponderance." *Desrosiers v. Sec'y of HHS*, 846 F.2d 573, 575-76 (9th Cir. 1988) (internal quotation marks and citations omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Ostenbrock v. Apfel*, 240 F.3d 1157, 1162 (9th Cir. 2001). "Under this standard, the Commissioner's findings are upheld if supported by inferences reasonably drawn from the record, and if evidence exists to support more than one rational interpretation, [the reviewing court] must defer to the Commissioner's decision." *Batson*, 359 F.3d at 1193 (internal citations omitted).

**Vocational Expert's Testimony Regarding Ability to Perform Past Relevant Work**

Plaintiff contends there is a conflict between the frequent reaching requirement of a mail carrier job as described in the DOT and Plaintiff's limitation of no reaching above the shoulder level on the right side, and that the ALJ therefore should have more appropriately questioned the vocational expert at the hearing. Because the ALJ complied with her duty in this regard, Plaintiff's argument is rejected.

The ALJ may not "rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the [DOT]." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007). The ALJ's duties in questioning the vocational expert were established in the Social Security Ruling 00-4p as follows:

> when a vocational expert provides evidence about the requirements of a job or occupation, the adjudicator has an *affirmative responsibility* to ask about any possible conflict between that vocational expert evidence and information provided in the *Dictionary of Occupational Titles*. SSR 00-4p further provides that the adjudicator *will ask* the vocational expert if the evidence he or she has provided is consistent with the *Dictionary of Occupational Titles* and obtain a reasonable explanation for any apparent conflict.

*Massachi*, 486 F.3d at 1152-53 (internal quotation marks, brackets, ellipses and footnotes omitted, emphases in original). These procedural requirements

> ensure that the record is clear as to why an ALJ relied on a vocational expert's testimony, particularly in cases where the expert's testimony conflicts with the *Dictionary of Occupational Titles*. In making disability determinations, the Social Security Administration relies primarily on the *Dictionary of Occupational Titles* for information about the requirements of work in the national economy. The Social Security Administration also uses testimony from vocational experts to obtain occupational evidence. Although evidence provided by a vocational expert generally should be consistent with the *Dictionary of Occupational Titles*, neither the *Dictionary of Occupational Titles* nor the vocational expert evidence automatically trumps when there is a conflict. Thus, the ALJ must first determine whether a conflict exists. If it does, the ALJ must then determine whether the vocational expert's explanation for the conflict is reasonable and whether a basis exists for relying on the expert rather than the *Dictionary of Occupational Titles*.

*Id.* at 1153 (internal quotation marks, brackets, ellipses and footnotes omitted, emphases in original).

The ALJ asked Mr. Kilcher whether his testimony was based upon and consistent with the DOT, and he replied that it was. (AR at 43.) According to the DOT definition of the mail carrier job, the job involves frequent reaching, which means that it occurs from one-third to two-thirds of the time. DICOT 230.367-010, 1991 WL 672158 (G.P.O.). In her RFC determination, the ALJ had found that Plaintiff was limited by "no reaching above the shoulder level on the right." (AR at 15.) The ALJ questioned Mr. Kilcher about the reaching requirement, and determined that the reaching was not repetitive and could be done with either hand. (*Id.* at 38.) Plaintiff had no limitations on reaching with his left hand.

Based in the foregoing, the ALJ fulfilled her duty of questioning the vocational expert regarding any conflict between the DOT definition and Plaintiff's limitations. Moreover, there does

1 not appear to be a conflict between the DOT definition and Mr. Kilcher's opinion that Plaintiff could
2 perform the mail carrier job, his limitations notwithstanding.

### Dr. Markman's Opinion Regarding Plaintiff's Ability to Return to Work

Next, Plaintiff argues the ALJ rejection of Dr. Markman's opinion that it was unlikely Plaintiff could return to work was not sufficiently supported. "The ALJ may disregard the treating physician's opinion whether or not that opinion is contradicted." *Batson*, 359 F.3d at 1195 (internal quotation marks and citation omitted). A treating physician's opinion on the nature and severity of impairments is given controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2).

> Where the treating doctor's opinion is not contradicted by another doctor, it may be rejected only for "clear and convincing" reasons supported by substantial evidence in the record. Even if the treating doctor's opinion is contradicted by another doctor, the ALJ may not reject his opinion without providing specific and legitimate reasons supported by substantial evidence in the record. This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.

*Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (internal quotation marks and citations omitted).

The ALJ attributed "some weight," rather than "significant or controlling weight" to Dr. Markman's opinions because they were not well-supported by detailed treatment notes.[3] (AR at 18.) She included a detailed summary of clinical evidence with her interpretation and findings. (*See id.* at 17-18.) The ALJ's decision to attribute Dr. Markman's opinions some weight is therefore properly supported.[4]

---

[3] Although all parties assume Dr. Markman was Plaintiff's treating physician, this is not apparent from the record. Plaintiff was seen by Drs. Markman and Wang at the Occupational Medicine Department at Kaiser Permanente a few times between March and May 2007. (AR at 239-44, *see also id.* at 325-26 & 329-41.) Although the title of Dr. Markman's final report states it is a treating physician's report, Dr. Markman explains Plaintiff had received most of his care outside of Kaiser and came to Kaiser for a rating, rather than treatment. (*Id.* at 239.)

[4] By contrast, the ALJ attributed "significant weight" to the opinion Frederick W. Close, M.D., who prepared a Social Security Disability Evaluation on September 22, 2009 after examining Plaintiff and reviewing his medical records. (*Id.* at 17 & 399.) Dr. Close's opinion of Plaintiff's limitations is in relevant respects more restrictive then Dr. Markman's. While Dr. Markman opined Plaintiff should "permanently be precluded from heavy lifting over his right shoulder" and "should

Consistently with assigning Dr. Markman's opinions "some weight," the ALJ did not reject them. Dr. Markman's conclusion that, "based on [Plaintiff's] description of his job, it is unlikely he could return to his usual and customary work," is based on his opinion about Plaintiff's limitations -- that he "should permanently be precluded from heavy lifting over his right shoulder" and "should do no repetitive lifting or reaching over the right shoulder." (*Id.* at 243; *see also id.* at 329.) At the hearing, the ALJ questioned Mr. Kilcher based on these limitations. (*Id.* at 42.) Mr. Kilcher testified that Plaintiff could nevertheless perform his mail carrier job. (*Id.*) As noted, this was possible because the job did not require repetitive reaching and Plaintiff could use his left hand for reaching over the shoulder level. (*Id* at 38.)

The ALJ did not adopt Dr. Markman's opinion that, "based on his description of his job, it is unlikely [Plaintiff] could return to his usual and customary work." (*Id.* at 243.) This opinion by itself would be legally insufficient to support a disability determination, because a claimant must be found not disabled *either* if he can perform his past relevant work as he actually performed it, *or* if he can perform it "as generally required by employers throughout the national economy." *See* SSR 82-61, 1982 WL 31387 at *2 (S.S.A.).[5] The DOT descriptions can be relied upon to define the job as it is generally performed in the national economy. *Id.* As is apparent on the face of Dr. Markman's report, his opinion was based on how Plaintiff actually performed his job -- at the heavy level. (*See id.* at 38.) That Plaintiff cannot perform his mail carrier job as he actually performed it is not by itself sufficient to reach a disability finding. *See* SSR 82-61, 1982 WL 31387 at *2. The ALJ therefore did not err by grounding her decision on Plaintiff's ability to perform his mail carrier job as it is generally performed according to the DOT description, rather than adopting Dr. Markman's opinion.

---

do no repetitive lifting or reaching over the right shoulder," Dr. Close opined he "should have no use of his right arm at or above shoulder level" and "may have reaching, handling, feeling, grasping and fingering at waist level . . . limited to no more than frequent." (*Cf. id.* at 243 (Markman) *with id.* at 402 (Close).) The ALJ gave Dr. Close's opinion "significant weight" because it was well-supported by medical evidence, including Plaintiff's medical history, clinical and objective signs and findings, as well as detaned treatment notes. (*Id.* at 17.)

[5] "Social Security Rulings ("SSR") are final opinions and orders and statements of policy and interpretations that have been adopted by the [Social Security] Administration. Once published . . . these rulings are binding precedent upon ALJs." *Gatliff v. Comm'r*, 172 F.3d 690, 692 n.2 (9th Cir. 1999) (internal quotation marks and citations omitted). The rulings "are entitled to some deference as long as they are consistent with the Social Security Act and regulations." *Massachi*, 486 F.3d at 1152 n.6 (internal quotation marks and citations omitted).

**Credibility of Plaintiff's Statements About the Limiting Effects of Pain**

The ALJ found Plaintiff's statements concerning the intensity, persistence and limiting effects of shoulder pain not credible and rejected them to the extent they contradicted her RFC finding. (AR at 16.) Plaintiff argues this was error. The Court disagrees.

Although a claimant's subjective symptoms are considered in the disability evaluation, *see* 20 C.F.R. § 404.1529(a), "[a]n individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . .." 42 U.S.C. § 423(d)(5)(A). When, as here, the claimant meets his burden of producing objective medical evidence of an impairment or impairments and shows that the impairment or combination of impairments could reasonably be expected to produce some degree of symptom, *Smolen v. Chater*, 80 F.3d 1273, 1281-82 (9th Cir. 1996), the ALJ may reject the claimant's testimony

> only if he makes specific findings stating clear and convincing reasons for doing so. ALJ must state specifically which symptom testimony is not credible and what facts in the record lead to that conclusion. [¶] To determine whether the Claimant's testimony regarding the severity of her symptoms is credible, the ALJ may consider, for example: (1) ordinary techniques of credibility evaluation, such as the Claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the Claimant that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the Claimant's daily activities.

*Id.* at 1284. If the ALJ's credibility finding is supported by substantial evidence in the record, the reviewing court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

Plaintiff argues the ALJ did not state clear and convincing reasons for rejecting his statements, but does not single out any one of the ALJ's nine separately articulated reasons. (*Cf.* Pl.'s Mem. of P.&A. at 7-8 *with* AR at 16.) Plaintiff does not argue that any one of the ALJ's stated bases for her credibility determination was unsupported by the record. Among other things, the ALJ relied on lack of evidence that Plaintiff has been in active pain management treatment, diagnostic testing evidence, which did not corroborate Plaintiff's statements regarding debilitating pain, and the fact that Plaintiff lived alone and performed the chores of daily life by himself. All of the foregoing are legally permissible bases for credibility determinations. *See, e.g., Smolen*, 80 F.3d at 1284; *Johnson v.*

*Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995) (conservative treatment suggested lower level of both pain and functional limitation); *see also* 20 C.F.R.§ 404.1529(c)(2) (claimant's statement about the intensity and persistence of his or her symptoms or about the effect of the symptoms on the ability to work may not be rejected *solely* because the available objective medical evidence does not substantiate the claimant's statement). Accordingly, Plaintiff's argument that the ALJ's credibility finding was not based on clear and convincing reasons is rejected.

For the foregoing reasons, Plaintiff's motion for summary judgment is **DENIED**, and Defendant's motion for summary judgment is **GRANTED**.

**IT IS SO ORDERED.**

DATED: January 3, 2012

HON. DANA M. SABRAW
United States District Judge